The opinion of the court was delivered by
McEnery, J.
This is an application for a writ of prohibition.
It is alleged in relator’s application that on an appeal to the Court •of Appeals from the First Judicial District Court a judgment was rendered against him overruling his exception to the jurisdiction of the District Court and remanding the case; that said court, after the rendering of said judgment to continue its term, was adjourned from day to day by one of the judges of said court, the other being absent, and that no application for a rehearing, to which he was entitled, was filed in said court, and that said judgment had not «become final, because three judicial days did not intervene between the date of the judgment and the final adjournment of the court; that the First Judicial District Court assumed jurisdiction of the case .and was proceeding to try the same, and that he had filed an exception to the jurisdiction of said court, as the case was still on the •docket of the Court of Appeals, as the District Court could have no jurisdiction of said case until the judgment overruling the exception and remanding the case became final.
Taking this statement as correot, it is evident that this court, at this stage of the proceedings, has no jurisdiction to grant the relief prayed for. The relator has not exhausted his remedy in the lower jurisdiction by an application to the Court of Appeals for a *1207 writ of prohibition. Art. 104 of the Constitution vests the judges of the Court of Appeals with jurisdiction to issue writs of mandamus, prohibition and certiorari in aid of their appellate jurisdiction. This. case falls under the provisions of this article, and the judges of the ■ Court of Appeals had the undoubted power exclusively to issue the writ in aid of their appellate jurisdiction. Failing to obtain relief from that court, it will then be timely to invoke the supervisory jurisdiction of this court, if the facts warrant it.
It is therefore ordered that the rule granted herein be discharged, and the relief prayed for be denied at the cost of plaintiff in interest — the relator.