(64 South. 400.)

No. 19,565.

ROGGE v. CLOSE et al.

(Feb. 2, 1914.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—SUPREME COURT—JURISDICTION—AMOUNT INVOLVED—INTEREST.

In determining the question of the jurisdiction of this court, the interest due on a sum of money is not included in the amount which determines whether or not this court has jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

Transferred from the Court of Appeals, First Circuit.

Action by Frederick Rogge against Mrs. Harry D. Close and husband. The district court sustained defendants' exception of no cause of action, and plaintiff's appeal to the Court of Appeals was transferred to the Supreme Court. Judgment of Court of Appeals, dismissing the demand for want of jurisdiction and transferring the appeal, reversed, and suit reinstated in the Court of Appeals.

B. J. Vega, of Donaldsonville, and W. B. Kemp, of Amite, for plaintiff. R., C. & S. Reid, of Amite, for defendant.

BREAUX, C. J. This is a foreclosure suit on two promissory notes dated the 6th day of January, 1910, each for the sum of $900, payable in one and two years from their respective dates.

Interest on one of the notes has been paid to the 6th day of January, 1911. These notes, as to their payment, are secured by mortgage and vendor's lien on land fully described in plaintiff's petition.

Vendor in addition promised to pay 10 per cent. fee of attorney on the aggregate amount, principal and interest. The defendant filed an exception of no cause of action, which was sustained in the district court. The case, after the exception had been filed, was considered as in proceedings via ordinaria.

The plaintiff appealed to the Circuit Court of Appeals.

On appeal, defendant and appellee moved to dismiss the appeal on the ground that the amount in dispute, exclusive of interest and costs, was at the time of filing this suit, February 12, 1912, over $2,000, and that therefore the court was without jurisdiction ratione materiæ. The court held that 13 months' interest was due on one of the notes, $78.

And on the other 25 months' interest, making interest thereon $150.

| | |
|---|---:|
| Total interest | $ 202 80 |
| Principal | 1,800 00 |
| Amount of notes | $2,002 80 |

—as found by the court.

Ten per cent. attorney's fee on $228, interest, making altogether $2,002.80.

There is a slight error in the amount, presumably in copying. It does not affect the result as relates to the point of law.

The conclusion was that the court had no jurisdiction, as, including interest on the note to the date the note was filed, the amount exceeds the maximum jurisdiction of that court by $2.80.

The court, in support of its position, cited Mayer v. Stahr, 35 La. Ann. 57; Succession of Foster, 51 La. Ann. 1670, 26 South. 568.

The first is erroneous; it has been repeatedly decided since that interest to the date of trial is not computed to fix jurisdiction; and in the Foster succession case the interest was not included.

The Constitution fixes the jurisdictional amount of this court at over $2,000, without taking interest into account. Of the Court of Appeals, at $2,000 and less, without including interest. Upon that basis, this court does not have jurisdiction.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeals, dismissing the demand for want of jurisdiction and transferring the appeal to this court, is avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that this suit be reinstated in the Court of Appeals and tried according to law.

PROVOSTY, J., being absent on account of illness, takes no part.