which motion embraces the alleged facts upon which the accused was convicted. No bill of exceptions was taken to the ruling of the court on the motion, and there is no assignment of errors contained in the record.

In order for the court to review proceedings in criminal cases of a district court, complaints thereto should be embraced in bills of exceptions. No questions of law are presented to the court for determination in the case. Defendant has failed to prosecute his appeal by making either a printed or an oral argument.

The judgment appealed from is affirmed.

---

(80 South. 890)

No. 21812.

PAWNEE LAND & LUMBER CO. v. GUILLORY, Clerk of Court.

(Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⬥224(11) — LOUISIANA SUPREME COURT—APPELLATE JURISDICTION.

Under Const. art. 85, limiting jurisdiction of Supreme Court to cases in which amount claimed exceeds $2,000, it has no jurisdiction on appeal from judgment sustaining plea of res judicata by clerk of court of parish of Evangeline, defendant in rule by plaintiff to compel return of amount of costs paid by it, amounting to $158.74.

2. APPEAL AND ERROR ⬥23 — DETERMINATION OF JURISDICTION — LOUISIANA SUPREME COURT.

In view of Code Prac. art. 92, providing that consent cannot vest jurisdiction, the Supreme Court is forced to notice its want of jurisdiction under Const. art. 85, on ground that amount in dispute does not exceed $2,000.

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Suit by the Pawnee Land & Lumber Company against Adraste Lafleur, Assessor, and others. Judgment for defendants, and plaintiff took a devolutive appeal, and, after judgment of reversal, taxing defendants with costs and denying a rehearing, plaintiff filed its rule against O. E. Guillory, Clerk of the Court of the Parish of Evangeline, to compel the return of the amount of costs paid by it in such suit, to which the clerk's exception was sustained, and suit dismissed, and plaintiff appeals. Cause transferred to Court of Appeals for First Circuit.

G. H. Couvillon, of Marksville, Hakenyos & Scott, of Alexandria, and Hall, Monroe & Lemann, of New Orleans, for appellant.

E. A. Edwards, of Ville Platte, for appellee.

DAWKINS, J. Plaintiff in the case of Pawnee Land & Lumber Company v. Adraste Lafleur, Assessor, et al., proceeded by rule against the clerk of court of the parish of Evangeline, to compel the return of the amount of costs paid by it as plaintiff in said suit. Plaintiff had previously sued the assessor and others for the annulment of its assessment, which cause was decided adversely to it in the district court; but, on appeal, the judgment of the lower court had been reversed, and the defendants cast for the costs of both courts. Plaintiff then attempted to proceed by rule in the same case against the clerk for a recovery of his costs, which had been paid in the prosecution of the suit. The amount claimed was $158.74.

Several exceptions were filed by the defendant in rule in the lower court, including the plea of res adjudicata, which latter plea was sustained, and the suit dismissed.

[1, 2] On the threshold of the matter, we are met with the proposition that this court is without jurisdiction ratione materiæ to consider this appeal. Const. art. 85. It is not a question of the interpretation of our judgment, because that is clear to the point that defendants shall pay the costs of both courts, and plaintiff has its appropriate remedy to enforce that judgment, but purely an

effort to recover from the clerk the sum claimed as paid in error, or because of some legal liability on his part. We can take cognizance of cases only in which the amount claimed is in excess of $2,000. We are forced to notice this want of jurisdiction ex officio. Garland's C. P. art. 92, and authorities there cited.

It is therefore ordered that this case be and the same is hereby transferred to the Court of Appeal for the First Circuit, to be proceeded with according to law; appellant to pay costs of this appeal.