No. 2970

Second Circuit

HEARD v. MONROE SAND & GRAVEL CO., INC.

(May 13, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Courts—Par. 12, 16, 126.**

It is the duty of the Court of Appeal to take notice of want of jurisdiction, even though that question is not raised by the parties.

2. **Louisiana Digest—Courts—Par. 128.**

Where the point at issue is an assumption of liability under a contract, and, in the alternative, that the contract is invalid, the balance due on the contract being over $7000.00, the Court of

Appeal has no appellate jurisdiction in the case.

**3. Louisiana Digest—Courts—Par. 164.**

Under Act No. 19 of 1912, where a case involving more than the appellate jurisdiction of the Court of Appeal is lodged in that court it will be transferred to the Supreme Court.

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita.

Action by Mrs. Fay P. Heard against Monroe Sand & Gravel Company, Inc.

There was judgment for plaintiff and defendant appealed.

Case transferred to the Supreme Court.

Theus, Grisham & Davis, of Monroe, attorneys for plaintiff, appellee.

Hudson, Potts, Bernstein & Sholars, of Shreveport, attorneys for defendant, appellant.

WEBB, J. In this action the plaintiff, Mrs. Fay P. Heard, alleges that she entered into a contract with T. E. Stephenson on the 20th of September, 1922, under which Stephenson bound and obligated himself to pay plaintiff two and one-half cents per cubic yard for all sand and gravel mined from two hundred and eighty acres of land situated in the parish of Ouachita, as shown by the contract annexed to the petition.

The instrument annexed to the petition is an authentic act of the date alleged, in which T. E. Stephenson recites that he had acquired from Mrs. J. Faulk the right to mine sand and gravel from two hundred and eighty acres of land belonging to Mrs. Faulk, and that he had agreed to pay Mrs. Faulk seven and one-half cents per cubic yard for the sand and gravel taken from the land, and that he had agreed to take a minimum amount of twenty-eight thousand cubic yards per year from the lands, and to make monthly payments to Mrs. Faulk, for the gravel removed, and in the act annexed Stephenson declared that for a certain consideration he bound and obligated himself to pay Mrs. Fay P. Heard two and one-half cents for each cubic yard of sand and gravel removed from the property of Mrs. Faulk, and to make the payments monthly, or at the same time payments were made to Mrs. Faulk.

Plaintiff further alleges that the Monroe Sand & Gravel Company, Inc., defendant, a corporation organized under the laws of this state and domiciled in the parish of Ouachita, with Stephenson as vice-president and manager, shortly after the execution of the contract with Mrs. J. Faulk, referred to in the contract with Mrs. Fay P. Heard, took over all of said leases, and had been mining sand and gravel from the lands of Mrs. Faulk, and had paid plaintiff regularly and monthly two and one-half cents per cubic yard for the sand and gravel taken from the property of Mrs. Faulk up to October, 1925.

That during the month of October, 1925, defendant had mined and removed from the property 10,764.32 cubic yards, and during the month of November, 1925, it mined and removed from the property 9332.30 cubic yards, and that defendant owed plaintiff for the sand and gravel

thus removed, or two hundred and sixty-eight and 32-100 dollars for October, and two hundred and thirty-three and 5-100 dollars for November, which it had refused to pay after amicable demand, and prayed for judgment against defendant for the amounts alleged to be due with interest and cost.

Defendant answered admitting that T. E. Stephenson had signed the contract with plaintiff and that it had acquired from T. E. Stephenson the rights which he had acquired from Mrs. J. Faulk to mine and remove sand and gravel from the property described, and that it had removed from the property during the months of October and November the quantity alleged and that it refused to pay plaintiff, and denied that it was indebted unto plaintiff.

Defendant further answered that it had acquired from T. E. Stephenson the rights which the latter acquired from Mrs. Faulk to mine and take from the property described sand and gravel, and alleged that it did not assume or obligate itself to the payment or discharge of the obligation undertaken by Stephenson in the contract sued upon, but it admitted that T. E. Stephenson had been in the active management of the company, and had made payments out of the funds of the company to Mrs. Fay P. Heard, and that such payments had amounted to seven thousand six hundred and twenty and 70-100 dollars, and alleged that the payments were made without authority, and that there was no intention on the part of the company to assume the obligations of Stephenson to Mrs. Fay P. Heard.

The defendant further answered in the alternative and in event it should be held that the action of Stephenson in making the payments had rendered defendant liable to the plaintiff, under the contract sued upon, then, in that event, it alleged that the contract between Stephenson and Mrs. Fay P. Heard was without consideration, and entered into in error induced by the fraudulent representations made by Mrs. Fay P. Heard, acting through her agent, J. Faulkner Heard, and that the payments made by Stephenson were made under the belief that the representations of plaintiff's agent were true, and that defendant should recover the amounts paid, and prayed for judgment rejecting plaintiff's demands and for judgment in reconvention for the amount of the payments.

On the trial the plaintiff offered certain contracts which had been made between T. E. Stephenson, and Mrs. Fay P. Heard and Mrs. J. Faulk, under which the former acquired the right to mine and take from the lands belonging to the latter, separately and individually, sand and gravel, and also the contract sued upon, and rested, whereupon defendant attempted to call J. Faulkner Heard, agent of Mrs. Fay P. Heard, as on cross-examination, and being refused that right, defendant then offered evidence to show that the consideration expressed in the contract between Mrs. Fay P. Heard and T. E. Stephenson did not exist, and to show that J. Faulkner Heard, the agent of Mrs. Heard, had made false claims as to the existence of the consideration, and evidence was offered showing that T. E. Stephenson had transferred to defendants its rights under the contracts in which he acquired the right to mine and take from the lands of Mrs. Faulk and

Mrs. Heard sand and gravel, and plaintiff then called witnesses in rebuttal, among whom was J. Faulkner Heard, to show the existence of the consideration and that J. Faulkner Heard had not made any false representations, and defendant offered to introduce further evidence in rebuttal of the testimony of J. Faulkner Heard, which the court refused to permit, and, the case being submitted, judgment was rendered in favor of plaintiff for the amount claimed with interest and cost, from which defendant appeals.

The defendant complains of the ruling of the court in refusing to permit it to call J. Faulkner Heard as on cross-examination, and contending that the ruling was erroneous, it contends that it should have been permitted to offer testimony in rebuttal of the testimony of J. Faulkner Heard, and that the ruling refusing to permit it to do so was erroneous, and that the cause should be remanded for a new trial.

Defendant further contends, however, that in event the cause should not be remanded for further trial, the judgment should be reversed, on the following grounds:

First. That the evidence does not show that defendant assumed the obligation of T. E. Stephenson under the contract sued upon, or that it is liable thereunder.

Second. That in event the defendant is held to have assumed the obligation of T. E. Stephenson, or to be liable under the contract, that the contract was without consideration and was made by Stephenson in error induced by the fraudulent representations of plaintiff acting through her agent, J. Faulkner Heard.

Third. That the judgment was erroneous in rejecting defendant's reconventional demand and that defendant should have been awarded judgment thereon in the sum of seven thousand six hundred and twenty and 70-100 dollars, with interest.

While the parties have not raised the question as to our jurisdiction, either as to the main demand or the reconventional demand, but it appears to us that this court is without jurisdiction ratione materiae, and it is our duty to take notice of want of jurisdiction. (State vs. Judge, 45 La. Ann. 1206, 14 South. 73.)

While the amount claimed by plaintiff is within the jurisdiction of this court, being for less than two thousand dollars, the real question presented by plaintiff is as to whether or not the defendant assumed or rendered itself liable for the obligations under a contract between plaintiff and a third person, and the defense is that there was not any assumption of the contract, or any liability thereunder, and if there was an assumption of liability under the contract that the contract was invalid, and from any point of view the issue is as to the contract.

Under the allegations of plaintiff considered in connection with the evidence, it appears that Stephenson entered into a contract with plaintiff under which the latter would receive a minimum sum of six hundred dollars per year, and that the contract was for a period of fifteen, years, of which period twelve years had not expired at the time of the suit, and which would fix the value of the contract for the remaining period at seven thousand two hundred dollars.

The evidence further shows that the payments made during the first three years of the contract amounted to more than seven thousand dollars.

Being of the opinion that the issue is as to the assumption of the contract, or its validity, and that the evidence shows that the value of the contract is above the jurisdiction of this court, we are of the opinion that the appeal should be transferred to the Supreme Court under Act No. 19 of 1912, and it is so ordered.