This is a suit for the return of a deposit made in connection with an offer to purchase real estate, which offer was accepted in writing by the owner. The plaintiffs are Mrs. Rose Alma Benedito, widow of John Walter Foley, and Charles Donald Foley. The suit is based on the fact that Mrs. Rose Alma Benedito Foley on behalf of the community then existing between her and her husband, John Walter Foley, made *Page 403 
a written offer to purchase for $7,800 certain real estate designated as No. 5215-17 Conti Street in New Orleans, and deposited $780 in connection with the said offer.
Plaintiffs allege that because the title of the record owner was accepted the offer is "suggestive of a law-suit of a serious and expensive nature," the contract should be declared "null and void and of no effect" and that they should be "relieved from performing any of the obligations incurred therein", and should be refunded the amount of the deposit, to-wit: $780.
They pray for judgment against Marx Jeffer, the real estate agent with whom they made the deposit, A. Gagliano, Inc., also a real estate agency to which corporation the deposit was delivered by Jeffer, and also against the owner of the property, Mrs. Mae McLean Coci, who accepted the offer. United States Fidelity 
Guaranty Company is also made defendant on the allegation that it executed the bond in connection with the qualification of A. Gagliano, Inc. as real estate agents.
All of the defendants deny that the title is suggestive of litigation, and all ask that the suit be dismissed.
A. Gagliano, Inc., and its surety, United States Fidelity 
Guaranty Company, as plaintiffs in reconvention, prayed for judgment declaring the said deposit to be forfeited; for such attorneys fees as the court might allow; "decreeing that the title to the property * * * is valid and merchantable at law" and "that the plaintiffs be ordered to comply with their agreement to purchase * * *".
There was judgment in favor of plaintiffs, relieving them from the obligation to perform "any of the obligations incurred in the agreement of sale relating to said property" and decreeing that the plaintiffs have judgment against A. Gagliano, Inc., and United States Fidelity Guaranty Company, in solido, for the return of the deposit and dismissing the reconventional demands of A. Gagliano, Inc., and of the United States Fidelity 
Guaranty Company.
From this judgment A. Gagliano, Inc., and United States Fidelity Guaranty Company have appealed. There has been no appeal by either Mrs. Coci or Jeffer.
In this court plaintiffs have filed a motion to dismiss the appeal or to transfer it to the Supreme Court on the ground that the amount in dispute exceeds $2,000, the maximum jurisdictional limit of this court in matters of this kind. They contend that there is involved the question of the validity of a contract for the purchase of real estate valued at $7,800.
Appellants have answered the motion to dismiss asserting that the validity or invalidity of the contract of sale is involved only incidentally, and that all that is at issue in the present controversy is whether or not the deposit of $780 must be returned to the plaintiffs.
While we do not find in the record any evidence of an earlier judgment, counsel for appellants, in their answer to the motion to dismiss the appeal, say that although there was at first a judgment "granting the return of the deposit * * * for the reason that the contracts of sale were null and void" a "rehearing" was applied for and, when on rehearing it was argued that plaintiffs did not contend that the title was defective but maintained only that it was suggestive of litigation and that the deposit should be returned for that reason alone, a new judgment was rendered (the judgment now appealed from) and in that judgment it was not held that the title was definitely defective but merely that the deposit should be returned because the title was "suggestive of serious litigation and not acceptable, satisfactory and merchantable."
We are unable to see the distinction between a judgment ordering the return of the deposit on the ground that a title is defective and a judgment ordering such a return on the ground that the title involved is suggestive of serious litigation and is therefore not acceptable, satisfactory and merchantable, and if that were the only question involved we would have no difficulty at all in reaching the conclusion that the controversy involves title to real estate valued at more than $2,000, and that therefore the appeal should be transferred to the Supreme Court.
But when judgment holding that the title is suggestive of litigation was rendered, the owner of the property did not appeal and, therefore, the question of whether as between the parties the contract is enforcible is not before us now, and there is left in the case only the question of whether the deposit must be returned to plaintiffs.
If the validity of a contract of sale is not at issue except incidentally for the *Page 404 
purpose of determining whether or by whom the commission of the real estate agent should be paid, or whether a deposit should be returned, jurisdiction on appeal is not to be determined by the value of the property covered by the contract. In Villemeur v. Woodward et al., 171 La. 831, 132 So. 361, the Supreme Court refused to entertain jurisdiction although the property involved was valued at $10,000. The court said that there was never any contract at all; that the offer to purchase had never been accepted, and that, therefore, the only question involved in the suit was whether the deposit of $1,000 should be returned.
In Richardson v. Charles Kirsch Co. et al., 191 La. 991,187 So. 1, 2, the Supreme Court again refused to entertain jurisdiction, although the purchase price of the property which was involved was $8,000. There the court said: "All of the parties to the suit acknowledged in their pleadings that the contract for the sale of the property was at an end before the suit was filed. The only question in dispute was whether it was through the fault of Mrs. Murphy or through the fault of Mrs. Richardson that the contract was not carried out. There was no demand for specific enforcement of the contract, by either Mrs. Richardson or Mrs. Murphy, in this suit. * * *"
But in the case at bar the fact that the owner did not appeal, and therefore did not keep open the question of the enforceability of the contract cannot deprive the Supreme Court of the jurisdiction which was vested in it when there was submitted to the District Court the question of whether that contract was valid or invalid. There is no doubt that when the controversy was submitted to the District Court, and when this appeal was taken, the validity or invalidity of the contract was at issue, and, in determining the court to which an appeal must be taken, we must consider the situation as it existed at the time at which the matter was submitted below. See Hanover Fire Insurance Co. et al. v. Southern Amusement Co., Inc., et al.,176 La. 631, 146 So. 316, in which the Supreme Court said: "* * * It is the amount remaining in dispute when the district court has to decide the case that determines whether the case is appealable to the Supreme Court or to the Court of Appeal. * * *"
In State v. Cook, 197 La. 1027, 3 So.2d 114, 117, appears the following: "* * * It is the subject matter that is in contest before and at the time when the judgment is rendered in the court of original jurisdiction that determines what court if any has appellate jurisdiction in a given case."
See, also, the many cases cited in Hanover Fire Insurance Co. et al. v. Southern Amusement Co., Inc. et al. It is clear from the pleadings and the record before us that when this matter was submitted to the District Court for adjudication, the validity of the contract was involved and that, therefore, the amount in dispute was the value of the property covered by the contract, and that value was $7,800. This court has no jurisdiction of the matter on appeal since the amount involved exceeds $2,000. See Louisiana Constitution for 1921, Art. 7, Sec. 10; Art. 7, Sec. 29.
It is therefore ordered, adjudged and decreed that this appeal be, and it is hereby, transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal is to be deemed dismissed. Appellants to pay the costs of appeal in this court; the remaining costs to await final determination of the matter.
Transferred to Supreme Court.