PONDER, Justice. .
 

 The plaintiff, Mrs. Rose Catania Roccaforte, brought suit against Mrs. Sarah M. 'Olivieri Barbin et al. seeking to set aside and annul a contract,', wherein she had agreed to purchase certain real estate locat■ed in the City of New Orleans, and to recover $800 which she had deposited in connection therewith. The suit was dismissed on exceptions of no cause and no right of action, and the plaintiff appealed.
 

 After the appeal was lodged in this Court, the defendants, Mrs. Sarah M. Olivieri Barbin et al., moved to dismiss the appeal on the following grounds:
 

 1'. Thai this Court is without jurisdiction of the subject matter for the reason that the issue involved is the return of a deposit of $800.
 

 2. That the appeal bond furnished by the appellant is not conditioned as required by law for a devolutive appeal.
 

 If the suit had been brought solely for the return of the deposit, the amount in dispute would not be sufficient to give this Court appellate jurisdiction. However, the plaintiff in this suit is seeking to set aside a contract involving $8,000 in addition to asking for the return of her deposit.
 

 • This Court has entertained appeals transferred by the Court of Appeal where the demand for the return of a deposit less than $800 was coupled with a demand for the rescission or annulment of a contract involving more than $2,000. Boisseau v. Vallon & Jordano, Inc., 15 La.App. 389, 132 So. 237; Ward v. Lynn, 149’La. 1048, 90 So. 399; Hunley v. Ascani, 14 LaiApp. 95, 129 So. 164, 174 La. 712, 141- So. 385; Bussey v. Wise-Miller, 14 La.App. 104, 129 So. 166; Id., 172 La. 198, 133-So. 443.
 

 The amount involved in the contract sought to be annulled gives. this Court jurisdiction. Article VII, sec. 10, La,Const. .of 1921. The return of the deposit is dependent on the annulment of the contract in this suit.
 

 
 *927
 
 The cases relied on by the appellee are not applicable. In the case of Richardson v. Charles Kirsch
 
 &
 
 Co. et al., 191 La. 991, 187 So. 1, the demands were for the return of a de.posit and expenses incurred, totaling less than $2,000, based on breach of contract. There was no demand therein to annul the contract.
 

 In the case of Villemeur v. Woodward et al., 171 La. 831, 132 So. 361, the pleadings did not involve the nullity of a contract and were solely for the recovery of an amount less than $2,000.
 

 The appellees do not state in what particulars the appeal bond is defective but merely state that it is not conditioned as required by law for a devolutive appeal.
 

 We assume that the appellees’ complaint is leveled at the fact that the bond was not conditioned solely to satisfy the costs. The order of court fixed the amount of the bond at $150; conditioned as the law directs.
 

 Article 579 of the Code of Practice provides that the condition of an appeal bond shall be that the appellant will prosecute his appeal and satisfy whatever judgment may be rendered against him.
 

 The condition 'of the bond herein involved would certainly cover the costs, since its -conditions provided for the satisfaction of whatever judgment might be rendered against the appellant.
 

 ' [3,4] Moreover, the appeal was made returnable in this Court on March 5, 1945, and the record 'was filed in this Court on that- -date. ' The motion to dismiss was filed on March 21, 1945, more than three days after the filing of the transcript and the return day.
 

 An appeal will not be dismissed because of any defect, error or irregularity in the appeal bond which is not jurisdictional and does not strike at the foundation of the right of appeal on a motion to dismiss filed more than three days after the transcript of appeal has been lodged in this Court. Dennis Long v. John E. Kee, 44 La.Ann. 309, 10 So. 854; Esparros v. Vicknair, 191 La. 193, 184 So. 745; Succession of Uthoff, 196 La. 892, 200 So. 290.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.