This is a suit by Eddie Harrison seeking the return of $120, which he deposited with Z.B. Crawford, doing business as Canal Park Subdivision, in partial payment of the purchase price of two lots of ground in the Canal Park Subdivision, which Crawford agreed to sell Harrison for the sum of $1,190. Harrison alleges that the contract for the sale of the lots stipulated that when $120 had been paid on account, the lots would be conveyed to him and that he had paid the $120 and made demand for the delivery of the lots without avail. He asks for the return of his deposit plus $50 for attorney's fees.
Defendant filed an exception of no cause or right of action and answered averring that he now is, and has been, ready and willing to transfer title to the property to the plaintiff.
There was judgment below in plaintiff's favor in the sum of $120 and defendant *Page 603 
has appealed. Plaintiff has answered the appeal asking that the judgment be amended so as to allow him $50 for attorney's fees.
In this court, in brief and in oral argument, counsel for the defendant for the first time raises the question of the jurisdiction of the lower court upon ground that the amount involved was far in excess of its jurisdictional limit as established by the Constitution of 1921.
[1, 2] Counsel for plaintiff in answer to this contention declares that it has been improperly raised since it should have been the subject of a declinatory exception filed in limine litis, citing Article 336 of the Code of Practice.
In Lopez v. Bertel, La. App., 198 So. 185, 187, we said: "Wherever the court below was without jurisdiction ratione materiae, we not only are authorized, but are required, to dismiss a suit even though there has been filed no pleading challenging the jurisdiction."
In the case of Foundation Finance Co., Inc. v. Robbins et al., La. App., 144 So. 293, 294, we said:
"* * * That a court may, and, in fact, must, even in the absence of pleading, consider whether there is jurisdiction, is well settled.
" 'We are forced to notice this want of jurisdiction ex officio.' Pawnee Land Lumber Co. v. Guillory, 144 La. 597, 80 So. 890.
* * * * * *
"This rule, * * * results from the fact that jurisdiction ratione materiæ cannot be created by consent of the parties. Code Prac. Art. 92. The rule would be of no effect if want of jurisdiction could not be noticed by a court ex proprio motu * * *".
There is, therefore, no objection to the consideration of the jurisdiction of the court, a qua, notwithstanding the informality of defendant's challenge. The jurisdiction of the First City Court as established by Article 7, Section 91 of the Constitution of 1921 is, in monied demands, limited to the sum of $300. The demand here is for the sum of $120, but before it can be determined that the plaintiff is entitled to the return of this deposit of $120, it is necessary to decree the rescission of a contract amounting to $1,190 because, if the contract for the sale of the two lots is still in force, the purchaser would not be entitled to the return of the deposit. Another situation would be presented if there had been an abandonment of the contract by the defendant.
In Bussey v. Wise-Miller et al., 14 La. App. 104, 129 So. 166, the court in speaking of a similar situation, said:
"While the petition does not pray for the rescission or dissolution of the contract, because the defendant, Miss Barrilleaux, is alleged to have breached her agreement by failing to acquire title to the property in order to be able to deliver a valid title to the plaintiff, it is clear that, unless the contract is rescinded or dissolved as a result of defendant's alleged breach of it, the court is powerless to give a judgment in favor of the plaintiff, for the amount of the deposit made by the plaintiff under the terms and provisions of the contract.
"We therefore are of the opinion that this case must be treated as a suit for the rescission or dissolution of a contract and not solely for the return of a deposit, and in such case the amount in dispute is not the amount of the deposit, but the value of the property which was the subject of the contract. See Hunley v. Ascani [14 La. App. 95], 129 So. 164, this day handed down." See also Roccaforte v. Barbin,207 La. 924, 22 So.2d 271.
In view of the opinion we have concerning the jurisdiction of the Court below it is not necessary for us to consider the defenses presented to that court, consequently, and
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff's suit at his cost.
Reversed. *Page 604