Albert St. Cyr, the plaintiff, brought this suit against Daniel Boland, averring that he advanced the sum of $500.00 to Boland, and that, effective May 1, 1945, said parties began the operation of a partnership business. Plaintiff claims that he was notified by Boland, on September 5, 1946, that he, plaintiff, no longer had any interest in the business, and that Boland had possession of the business and was operating it as his own. Judgment is prayed "decreeing petitioner to be a co-partner with said Daniel Boland and owner of an undivided one-half interest in and to the business known as Orleans Avenue Cleaners, located at No. 2546 1/2 Orleans Avenue in the City of New Orleans."
At the instance of plaintiff, a temporary restraining order was issued enjoining defendant from disposing of or encumbering the business. Defendant filed an exception of no cause or right of action as to the allegations of the petition seeking a temporary or permanent injunction. The record is silent as to any disposition of this exception.
Defendant then answered, alleging that he owns the business; he denies that any partnership arrangement was ever made with plaintiff.
The case was heard on its merits in the court below, and there was judgment in favor of defendant dismissing plaintiff's suit, but the judgment reserved unto plaintiff the right to sue defendant "for any money loaned." From said judgment, this appeal has been taken by plaintiff.
The cause was assigned for hearing before us, and counsel for both parties submitted briefs and argued the case.
There is no allegation in the petition setting forth the valuation of the alleged partnership business, but we notice that the evidence shows that the business in which plaintiff claims his undivided one-half partnership "is worth over $6000.00 and something."
[1] The business is the subject matter of this suit, and whereas the record shows it to be worth more than $6,000.00, we have no jurisdiction, under Constitution 1921, Art. 7, secs. 10, 29, which limit our *Page 70 
jurisdiction to matters involving not more than $2,000.00, exclusive of interest.
[2] In view of Code of Practice, Art. 92, which provides that consent cannot vest jurisdiction, an appellate court is bound to notice its lack of jurisdiction ratione materiae in any case. Pawnee Land Lumber Co. v. Guillory, 144 La. 597, 80 So. 890. We said, in Foundation Finance Co., Inc., v. Robbins et al., La. App., 144 So. 293, 294: "This rule, * * * results from the fact that jurisdiction ratione materiae cannot be created by consent of the parties. Code Prac. Art. 92. The rule would be of no effect if want of jurisdiction could not be noticed by a court ex proprio motu. * * *"
We are vested with discretion by Act No. 19 of 1912 to transfer to the Supreme Court any case in which the amount involved exceeds our maximum jurisdictional amount, and exercising such discretion we conclude that this matter should be so transferred.
It is ordered, adjudged and decreed that the appeal herein be transferred to the Supreme Court of Louisiana, which transfer is to be made within sixty days after this judgment becomes final, and if not made within that time, then the appeal is to stand dismissed; appellant is to pay the costs of the appeal to this court, and all other costs involved are to await the final determination of the matter.
Appeal transferred to the Supreme Court.