LOTTINGER, Judge.
This is a suit by George W. Garig Transfer, Inc., against J. Dolan Harris, doing business as Magnolia Express, wherein petitioner seeks to be adjudged the owner of Louisiana Public Service Commission Common Carrier 'Certificate number 297-A, and for damages. From a judgment below decreeing the plaintiff to be the owner of said certificate and denying damages in his favor, both parties have taken an appeal to this court.
There is little dispute as to the facts involved. Petitioner is a Louisiana Corporation,' whereas defendant is a resident of the State of Mississippi. Jurisdiction over defendant was secured by attachment of certain property located in the Parish of East Baton Rouge, which was allegedly owned by defendant. On April 21, 1950, the parties entered into an escrow agreement involving Certificate No. 297-A, whereby defendant agreed to sell, and petitioner agreed to buy,, the said certificate, conditioned on their securing the approval of the transfer by . the Louisiana Public Service Commission when presented with a joint petition by the parties herein. The agreement and the price of the proposed sale, $4,000, were placed in escrow with the City National Bank of Baton Rouge, pending approval by the Commission. On the same date, the litigants filed a joint petition with the Commission, wherein they sought authority to consummate their agreement. Prior to the review of the joint petition by the Commission, defendant filed a motion withdrawing from the petition. The Commission heard argument on the motion to withdraw, but reserved its ruling and proceeded to hear testimony concerning the transfer. On September 6, 1950, the Commission issued its Order Number 5435 finding petitioner fit, able and willing to perform and ruling that, had the defendant not withdrawn, the proposed transfer would merit approval and would have been approved. Thereupon, the peti *890 tioner filed this suit wherein he seeks to be adjudged owner of Certificate Number 297-A, and for damages in the amount of $44.80 per day until the said certificate is delivered to plaintiff. Defendant filed exceptions rationae materiae and rationae personae on the grounds that he was a nonresident of the State of Louisiana and could not be brought into court through a curator ad hoc. The lower court overruled the exceptions as the agreement, and the cash consideration, had been attached in the hands of the Baton Rouge bank, and, thus, jurisdiction had been secured. On the merits, the lower court rendered judgment in favor of plaintiff, decreeing him to be the owner of said certificate and denying him damages against the defendant and both parties took this appeal.
Neither of the parties hereto raised the question of jurisdiction of this court. However, this court requested the parties to file briefs relative to its jurisdiction, and takes the matter into consideration ex pro-prio motu.
Article 7, Section 10, o-f the Louisiana Constitution provides that the Supreme Court shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest. The question before us, therefore resolves itself into whether the “amount in dispute or the fund to be distributed” exceeds the sum of two thousand dollars.
This is a controversy wherein the petitioner seeks to have himself decreed to be the owner of Certificate No. 297-A, the value of which was set at the sum of four thousand dollars at a time when neither party hereto anticipated this suit. The defendant, on the other hand, seeks to have himself maintained in ownership of the said certificate. It is our opinion, therefore, that the “amount in dispute” would be the value of the certificate, the ownership of which is sought by each of the parties hereto, and we do not believe that there is any question that the said certificate is valued at the sum of four thousand dollars.
Counsel for petitioner has cited First National Life Insurance Co. et al. v. City of New Orleans, 218 La. 9, 48 So.2d 145. In that case the question was whether lands, title to which was vested in the City of New Orleans under a trust agreement, could be sold at private sale, or whether sale was required to be advertised for thirty days under .the provisions of the charter of the City of New Orleans. The consideration of the proposed sale was the sum of $275,-000. The Supreme Court, speaking through Justice LeBlanc, held appellate jurisdiction to be in the Court of Appeal for the Parish of Orleans.
We do not believe, however, that the same situation prevails here. In the cited case, the question before the court was relative to the procedure to be followed in disposing of the lands. Title to the land was not in dispute. In that case, the court said there was no amount in dispute or fund to be distributed.
The petitioner claims here to be owner of Certificate No. 297-A. The defendant, on the other hand, disputes the claim of petitioner, and claims himself to be the owner of the certificate, the value of which is the sum of $4,000. We believe that the present situation is of the same nature as presented in Benedito et al. v. A. Gagliano, Inc. et al., La.App., 15 So.2d 402. The question there presented was as to the validity of an offer to purchase certain real estate for the sum of $7,800. The court said: “It is clear from the pleadings and the record before us that when this matter was submitted to the District Court for adjudication, the validity of the contract was involved and that, therefore, the amount in dispute was the value of the property covered by the contract, and that value was $7,800.00.”
Similar situations, and similar decisions, are presented in Wilson v. Lee, La.App., 196 So. 373; and St. Cyr v. Boland, La.App., 34 So.2d 69.
The question to be determined here is ownership of Certificate No. 279-A. The value -of the certificate exceeds our jurisdictional amount,' and we are, therefore, *891 without jurisdiction to entertain this appeal.
It is therefore ordered, adjudged and decreed that this appeal be, and it is hereby, transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal is to be deemed dismissed. Appellants are to pay the cost of appeal in this court; and the remaining costs to await final determination of the matter.
Transferred to Supreme Court.