George D. Ogden, J.
The defendant Eleanor Joann Wilson, also known as Joann Young, has been indicted, with another, for the crime of murder in the first degree, in that she willfully, feloniously and of malice aforethought, killed George Fisher by striking, penetrating and wounding the said George Fisher by the use of a weapon or instrument, to wit, a metal pipe, on or about December 23, 1958, thereby inflicting injuries which resulted in and caused his death on the 13th day of January, 1959. This defendant seeks in this proceeding to inspect, copy, photograph or make photostatic copies- of: “ Any and all charts, bed records, hospital records and all clinical records of every kind of the Strong Memorial Hospital relating to the care and treatment of George Fisher between December 23, 1958 and January 13, 1959, inclusive.”
The granting of the motion does not require the District Attorney to disclose evidentiary facts prior to trial. As was said in People v. Preston (13 Misc 2d 802, 806): “ The desire that the State’s evidence remain undisclosed until trial partakes of the nature of a game rather than judicial procedure. The State ought to be too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense. The dogma that the People’s case must at all costs remain secret has been oversold, and contra, its potential for good, underestimated.”
That this court has power to grant the motion was decided long ago. (People ex rel. Lemon v. Supreme Court of N. Y., 245 N. Y. 24, 33.) The court in thaj; case said (p. 32): “ The decision of this case does not require us to affirm or deny the existence of an inherent power in courts of criminal jurisdiction to compel the discovery of documents in furtherance *350 of justice. The beginnings or at least the glimmerings of such a doctrine are to be found, as we have seen, in courts other than our own.”
A more recent case, under the authority of which this motion must be granted, is People v. Preston (supra). An article 78 proceeding to prohibit a County Judge from signing an order based upon that decision was dismissed by the Appellate Division on the ground that County Court has power to grant a motion for inspection of documents in the possession of the prosecutor which are admissible on the trial as evidence for the prosecution, and held that the granting of the motion was within the discretion of the trial court. (Matter of Silver v. Sobel, 7 A D 2d 728.)
In the affidavit accompanying the moving papers defendant Wilson claims that said records are either in possession of or under the control of the District Attorney. It is alleged that permission to examine such records was made orally and in writing of the District Attorney, and denied. The claim was made that the indictment, in part, was based upon such records. Altogether, it appears that the records, or, at least, part of them, are admissible in evidence, and that the motion should be granted. This defendant may subpoena the records mentioned in the notice of motion; the subpoena should direct that such records be delivered to the court, and that this defendant, under the supervision of the court, may examine and make copies of such portions of these records as the court may permit.
Submit order.