Nathan R. Sobel, J.
This motion is for a pretrial discovery and inspection of the defendant D’Andrea’s written statement given to the police and the District Attorney immediately after his arrest. The specific issue here involved has never been heretofore decided by an appellate court in this jurisdiction.
The moving- defendant and three others have been indicted for the crimes of manslaughter and felonious assault.
I am not advised in the moving or answering papers of the nature of this defendant’s statement. I am not told whether it is incriminatory or exculpatory. The only circumstance mentioned is that the statement was made over six months ago and that knowledge of its contents is necessary for this defendant to prepare for trial. Further reference will be made to this circumstance later in this opinion.
This issue was not before me in People v. Preston (13 Misc 2d 802, affd. sub nom. Matter of Silver v. Sobel, 7 A D 2d 728) decided a few months ago. Nevertheless I discussed the issue (pp. 803-807). In that opinion I quoted at a little length from the opinion of Judge Cabdozo in People ex rel. Lemon v. Supreme Court (245 N. Y. 24) decided in 1927. Lemon is even now the leading case on pretrial discovery and inspection in criminal proceedings. In his opinion Judge Cabdozo discusses the history of pretrial discovery in both civil and criminal cases. He foresaw then, in 1927, “The beginnings of at least the glimmerings ” of a broader power of discovery and inspection in courts of criminal jurisdiction (p. 32). In Matter of Silver v. Sobel (supra) the issue was the granting of a pretrial discovery and *1072 inspection of an autopsy report. The court there held that the County Court has the power in the exercise of its discretion to grant a motion for the inspection of documents in the possession of the prosecutor which are admissible on the trial as evidence for the prosecution. A written statement taken from a defendant after arrest, if a confession or admission, is admissible as evidence for the prosecution. (People v. Bretagna, 298 N. Y. 323; Reed v. McCord, 160 N. Y. 330; Civ. Prac. Act, § 374-a.) Judge Cardozo, in Lemon (supra) referred to documents admissible ‘‘ for ” or “ against ’ ’ the defendant. An exculpatory statement is often admissible against a defendant either in whole or in part. It may be used to furnish corroborative or supporting evidence when such evidence is required by law. (And of course, it may be used to contradict or impeach a defendant should he take the stand; but under such circumstances it is not evidence in chief and therefore not admissible as affirmative evidence.)
It is my judgment that the rule enunciated in Matter of Silver v. Sobel (supra) is equally applicable to a defendant’s own written statement made to the District Attorney or the police after arrest. The granting of such a motion for pretrial discovery and inspection rests in the sound discretion of the trial court.
Before discussing the law on the subject in jurisdictions other than our own, a brief discussion of the practical considerations may help to place the issue in its proper perspective.
In Kings County,' unlike most other counties, our District Attorney endeavors to obtain a written statement following arrest from every accused charged with a felony. We have therefore had considerable experience with written confessions and admissions. Approximately 85% of all felony indictments are disposed of by plea of guilty before trial. In the pretrial discussion of such dispositions, our District Attorney has never indicated the least reluctance to exhibit to a defendant’s counsel any written statement obtained from the defendant. This has been done as a matter of deliberate policy. Our experience has been that it aids in the disposition of many cases which otherwise might necessitate a trial.
After such voluntary pretrial disclosure, a number of such cases have proceeded to trial. I am fully aware of the contention constantly repeated by prosecutors, and by the courts in opinions, that pretrial disclosure permits a defendant, forewarned with knowledge of the contents of his statement, to “ pattern” his defense upon his written confession or admission. From my personal experience, I am of the opinion that *1073 that contention has been much exaggerated and oversold. It disregards the intelligence as well as the integrity of defense counsel. Apart from the legal sanctions against perjury, the dire consequences to the defendant’s case of resorting to falsification are well understood by alll experienced defense counsel. A voluntary confession (or admission) made by a defendant is very potent evidence, and attempts to attack such a statement by perjury or falsification will usually serve only to strengthen its evidentiary value in the eyes of the jury.
But even if it is conceded that a danger of perjury does exist, such danger is not entirely obviated by a refusal to permit pretrial inspection. Confessions (and most admissions) are introduced in evidence as part of the People’s direct case. A defendant willing to risk perjury will always have the opportunity to ‘ ‘ pattern ’ ’ his defense upon his written statement.
These observations of mine or supported by the experience in the State of New Jersey with pretrial discovery and inspection, discussed later in this opinion. The ‘ ‘ hobgoblin perjury ’ ’ theory is eloquently discussed and interred by Mr. Justice Brennan (now United States Supreme Court Justice) in his dissent in State v. Tune (13 N. J. 203, 227) and by Chief Justice Weintratjb in State v. Johnson (28 N. J. 133).
I conclude based upon experience with many cases where there has been voluntary pretrial disclosure by the prosecution, that the danger of perjury is grossly exaggerated. And contra, the potential for good in aiding disposition, in facilitating and expediting trial and in preventing injustice has been gravely underestimated.
Discovery, it seems to me, is a most effective device for the reduction of the adversary element to a minimum in both civil and criminal cases. (See n., 64 Harv. L. Rev. 1011.)
In our State, permissive pretrial discovery in criminal cases has not kept pace with the advances in such procedures in civil cases. We do now in this State permit a plaintiff in a negligence action, to inspect pretrial, any written statements given by him to an insurance respresentative. (Wilhelm v. Abel, 1 A D 2d 55.) There is in fact very little difference between such a statement and a written confession or admission taken by the District Attorney after arrest. Both are taken before any legal proceedings have been commenced and usually before the party has an opportunity to consult with counsel.
In a few States however pretrial discovery in criminal proceedings is more liberal than in civil proceedings. For instance both Minnesota and Illinois have statutes which make it a condition precedent to the admission of a written confession on the *1074 trial, that a copy thereof shall have been given to the defendant at the time of the taking thereof and a written receipt obtained from him. The Illinois statute (L. 1957, p. 1116) applies only to written confessions but the Minnesota statute (L. 1951, cli. 284) applies to confessions, admissions and all other written statements. Certainly in these States the hazard of perjury has not been considered greater in criminal cases than in civil cases.
In England and in Canada, under their preliminary procedures in criminal cases, all the evidence in possession of the Crown is in the possession of defense counsel before the trial begins. (See State v. Dorsey, 207 La. 927.)
In our Federal jurisdiction, rule 16 and subdivision (c) of rule 17 of the Rules of Criminal Procedure grant to a defendant broad pretrial discovery and inspection of all documents. For some reason, which I do not understand in view of the breadth and scope of these rules, some District Court decisions deny the power of the court to grant pretrial inspection of a defendant’s confession but allow such inspection of more vital evidence. (United States v. Kiamie, 18 F. R. D. 421; United States v. Patrisso, 20 F. R. D. 576; United States v. Duncan, 22 F. R. D. 295.) But most District Courts concede that the courts have discretionary power to grant such inspection either by virtue of rule 16 (United States v. Peace, 16 F. R. D. 423; United States v. Schluter, 19 F. R. D. 372; United States v. Kaskel, 23 F. R. D. 152; United States v. Berman, 24 F. R. D. 26) or as an inherent authority vested in the Federal courts. (United States v. Garrison, 168 F. Supp. 622.)
The one authoritative decision by an appellate court is Shores v. United States (174 F. 2d 838 [C. C. A. 8th]). The court there held (pp. 844^845): “ Perhaps, as a matter of fundamental fairness, a defendant ought in enlightened criminal administration to be granted the right to have a copy of his confession in any case. But that broad question is not the one with which we are now dealing. Our holding here simply is that, in its present form, Rule 16 does not provide any such right. * * *
‘ ‘ In holding, as we have, that Rule 16 does not create in a defendant the right to demand before trial a copy of his confession, the observation may be added that we are not intending thereby to imply that a federal court does not have the power in any situation to require the Government to furnish the defendant with a copy of his confession before trial. We think that such a power of control over a confession and its use does exist in a judicial proceeding, as part of the inherent nature and dignity of our system of administering criminal law, and that *1075 even without any rule or statute, therefore, the court is not powerless to require the Government to furnish the defendant with a copy of his confession, if the Government intends to use it as evidence on the trial and where the court deems it necessary in the interest of justice that the defendant should be furnished with a copy.”
See, also, “ The Scope of Criminal Discovery Against the Government ” (67 Harv. L. Eev. 492). (A distinction mentioned in several of the District Court decisions between signed and unsigned statements arises solely from the wording of rule 16. No such distinction is made in State decisions.)
It is my judgment, despite the conflict in the decisions in the District Courts, that the granting of a pretrial inspection of a defendant’s own statement is within the discretion of the Federal trial courts. The United States Supreme Court in two recent State cases (Leland v. Oregon, 343 U. S. 790, 801-802; Cicenia v. LaGay, 357 U. S. 504, 511) held that while the failure of a State to permit such inspection, in the absence of a showing of prejudice to the defendant, does not violate the Fourteenth Amendment, it is the “ better practice ” to do so. Such a ruling it seems to me clearly implies a power in the Federal courts to grant such relief. Indeed a failure to do so where prejudice results to a defendant would appear to violate the due process clause of the Fifth Amendment. (See, also, Matter of Tune, 230 F. 2d 883, 891-892.)
* # *
When we turn to the decisions in States other than our own, we find that the majority hold that discretionary power exists in the trial courts to grant pretrial discovery and inspection of a defendant’s own statements. The cases are mainly concerned with the question of when such discretion may be exercised. In most States, the exercise of discretion is reviewable on appeal.
New Jersey permits broad pretrial inspection of a defendant’s statements. (The cases are discussed infra.)
In Massachusetts, Commonwealth v. Jordan (207 Mass. 259, 264, 265) holds that “ it was within the discretion of the judge to grant or refuse the motion. ’ ’ But later cases hold that it is not error to refuse to do so. (Commonwealth v. Galvin, 323 Mass. 205; Commonwealth v. Lundin, 326 Mass. 551.)
At the other extreme are the cases in the State of California. In that State, the Supreme Court held many years ago that broad discretion exists in the trial courts to grant such relief and later cases hold that a denial of such relief constitutes reversible error. Further, a mere declaration of “lack of *1076 memoryv” is sufficient to warrant inspection. (Powell v. Superior Court, 48 Cal. 2d 704; Cordry v. Superior Court, 161 Cal. App. 2d 267; Schindler v. Superior Court, 161 Cal. App. 2d 513.)
Louisiana (State v. Dorsey, 207 La. 927, supra; State v. Alleman, 218 La. 821; v. Martinez, 220 La. 899, cert, denied 344 U. S. 843) and Maryland (State v. Haas, 188 Md. 63) were among the earliest States to permit pretrial discovery and inspection. In Haas, Chief Justice Marbttry commented (p. 75), “ the tendency in the courts of this country is to permit discretion in the trial judge. ’ ’
Other States which permit such discovery and inspection are: Nebraska (Cramer v. State, 145 Neb. 88; Linder v. State, 156 Neb. 504), Oklahoma (State ex rel. Sadler v. Lackey, 319 P. 2d 610), Michigan (People v. Johnson, 97 N. W. 2d 739), Washington (State v. Thompson, 338 P. 2d 319), Oregon (State v. Leland, 190 Ore. 598, affd. 343 U. S. 790, 801, 802) and apparently Pennsylvania (Comm. v. Hoban, 54 Lac. Jur. 213; Comm. v. Stepper, 54 Lac. Jur. 205). Contra, the above holding: — Texas (Dowling v. State, 317 S. W. 2d 533), Colorado (Rosier v. People, 126 Col. 82) and Tennessee (Witham v. State, 191 Tenn. 115).
The experience in the State of New Jersey is of interest. New Jersey has adopted liberal rules for pretrial discovery and inspection, patterned on the Federal rules. In State v. Cicenia (6 N. J. 296) the lower court had denied the inspection. The Supreme Court while affirming such exercise of discretion, stated (p. 300): “ But to say that a defendant in a criminal case has no absolute right to an inspection of his own confession is not to deny the right of the trial judge to direct the prosecutor to grant the defendant an inspection of his own alleged confession, if in the sound discretion of the trial judge the interest of justice so requires.”
Cicenia, following conviction, reached the United States Supreme Court. (Cicenia v. LaGay, 357 U. S. 504, 511, supra.) As discussed (supra) the court held that the failure in that case to permit pretrial inspection, without a showing of prejudice, does not violate due process but that it was the “ better practice ” to grant such relief.
After Cicenia (supra) the Supreme Court of New Jersey in State v. Tune (13 N. J. 203) on appeal by the prosecution from the intermediate order granting inspection of a confession, reversed (four to three) the trial court. The decision is a landmark of the pros and cons of the issue. Tune (supra) following trial and conviction, reached the United States Court of Appeals (Matter of Tune, 230 F. 2d 883, supra) on a writ of habeus corpus. That court because of the factual circumstances *1077 surrounding the denial of pretrial inspection, sustained the denial but added (p. 892) that under other circumstances “ a grave due process question may arise.”
In State v. Johnson (28 N. J. 133, 135), as in the instant case before me, there was a bare assertion in the moving papers that pretrial inspection was ‘ ‘ necessary for the preparation for trial and the presentation of the defense. ’ ’ The trial court, following Tune, denied the application. A unanimous Supreme Court discussed the necessity for a liberal rule (see B. B. 3:5-11, the recent rule governing pretrial discovery and inspection) and referred the application back for further consideration by the trial court. The opinion by Chief Judge Weintratjb is of interest because it suggests (p. 136) “ some guiding criteria * * * to guard against arbitrariness and unequal treatment and to avoid if possible the unsatisfactory alternative of a post-trial inquiry into a claim of prejudicial error.”
As I read the suggested 1 ‘ guiding criteria ’ ’ it would require the granting of pretrial inspection of a confession (1) where the voluntary nature of the confession will become an issue, and (2) upon the assertion of a defendant that he does not remember the contents of his confession. The opinion further suggests that the trial court cannot know in advance whether following a disclosure, a defendant will or will not resort to perjury. In that regard, the court states (p. 139): “We cannot, without incongruity, both authorize a trial judge to act and immobilize him with a dread of perjury. And if the possibility of fabrication is pressed, not as the touchstone for decision of individual applications but rather as a factor to influence the formulation of some other standard for the exercise of discretion, we confess that we cannot conceive a tenable criterion which would rationally be related to that prospect.”
These criteria may appear to be too liberal. They strike me as both practical and sound. I shall adopt them until and unless our appellate courts suggest other criteria.
The New Jersey Supreme Court, in its reference back of the issue to the trial court, suggests that the reconsideration should not be by hearing with consequent cross-examination, but upon ex parte affidavit. This suggestion too, I believe desirable and adopt.
I note however that no criteria are suggested for pretrial inspection of a written statement which may not be a confession. Such a situation I cannot appraise without knowledge of the contents of the statement in the instant case. Perhaps a defendant should only be apprised of part or parts of such a statement. Perhaps, not at all.
*1078 It is certain that in neither case — confession, admission or wholly exculpatory statement — may I reach a determination without first inspecting the statement of the defendant. The District Attorney is directed to furnish me with a copy of the defendant D’Andrea’s statement pending further order by this court.