THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CECILIO GALEANO CENTENO, Defendant and Appellant.

No. 16469. Decided September 20, 1961.

*César Andréu Ribas* for defendant-appellant. *J. B. Fernández Badillo, Attorney General of Puerto Rico,* and *Héctor R. Orlandi Gómez, Assistant Attorney General,* for appellee.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

In the prosecution for the crime of murder filed in the superior court against appellant Cecilio Galeano Centeno, the presiding judge overruled a petition made by the attorney for the defense to be delivered copy of the sworn statement which the defendant made to the district attorney on the day of the events in the course of the preliminary investigation. The incident which gave rise to the ruling arose after the evidence for The People was introduced and after the defense had presented its theory to the jury. The existence of the statement in question was fully established. *Cf. People* v. *Aponte, ante,* p. 491.

In *People* v. *Superior Court; Ramos, Int.,* 80 P.R.R. 679 (1958), decided several months after the prosecution in question, we sanctioned as rule of criminal prosecution the authority of the courts of first instance to order the district attorney, at the defendant's request, to deliver to the latter or to his attorney any statement or confession made by the defendant in the course of the preliminary investigation of the case, and rejected the private character of that investigation as a bar to such discovery and inspection. We said that this rule responded to the necessity "to

give the accused ample opportunities to defend himself" (at 681), and to aid him in "the adequate framing of his plea against the information and to prepare his defense effectively" (at 682). The same solution did not prevail at common law and a view contrary to that enunciated by this Court in the case *supra* was warranted, on the ground that such discovery could facilitate to an unscrupulous accused the fabrication of evidence, while the prosecution did not enjoy an equal opportunity because of the constitutional guaranty against self-incrimination. *People* v. *D'Andrea*, 195 N.Y.S.2d 542 (1960); *State* v. *Johnson*, 145 A.2d 313 (N.J. 1958); 6 Wigmore, Evidence 371, 475, § § 1845 and 1859(*g*) (3d ed. 1940); Fletcher, *Pretrial Discovery in Criminal Cases*, 12 Stan. L. Rev. 293 (1960); Comment, *Pre-Trial Disclosure in Criminal Cases*, 60 Yale L. J. 626 (1951). As stated by Sunderland in *Scope and Method of Discovery Before Trial*, 42 Yale L. J. 863, 867 (1933), "Perjury is one of the bugaboos of the law. Every change in procedure by which the disclosure of the truth has been made easier has raised the spectre of perjury to frighten the profession." The purpose of the criminal prosecution, which is none other than the disclosure of the truth and the State's genuine interest in not preventing the defendant from framing an adequate defense, is lost from sight. *Roviaro* v. *United States*, 353 U.S. 53 (1957); *Gordon* v. *United States*, 344 U.S. 419 (1953); *Powell* v. *Superior Court*, 312 P.2d 698 (Cal. 1957); *Cash* v. *Superior Court*, 346 P.2d 407 (Cal. 1959); Orfield, Criminal Procedure from Arrest to Appeal 321–23 (1947).

The representative of the Attorney General argues, however, that the rule adopted in 1958 should be limited in its application to those situations in which the defendant requests copy of the statement *prior* to the trial but not in the course of the prosecution, and only to permit him to frame an intelligent plea against the information filed

against him. This position ignores the objective underlying the rule of facilitating to the accused the organization and framing of an intelligent and adequate defense. This necessity exists indeed until the very moment of turning the case over to the jury, and the determination of the propitious moment for requesting copy of the statement should be left to the discretion of the accused and his attorney. Important considerations—especially the decision whether the accused should take the witness stand for the purpose of testifying and thus expose himself to cross-examination by the district attorney, who may use the statement given by him for purposes of challenge—are weighed by the defense in the course of a criminal prosecution. This would eliminate what has been termed as "trial from ambush" (*State* v. *Thompson*, 338 P.2d 319, 324 (Wash. 1959)). The rule enunciated would lose most of its virtuality if we incorporated therein limitations of time to request copy of the statement. For the same reasons, neither could we agree that the statement enables the accused only to propitiate the framing of an intelligent plea to the accusation. In *People* v. *Superior Court, supra*, we used language in that sense for the simple reason that it was requested *prior* to the trial, but we repeatedly stated that the basis of the rule was related to the holding of a fair trial and, hence, permitted the accused to organize and frame his defense.

We do not honestly believe that in those states where a rule similar to ours prevails, the inspection of the statement made by the accused is limited to some time *prior* to the trial. We have examined closely the cases cited in appellee's brief and they do not support its contention that "the accused's petition to be permitted to inspect the confession or sworn statement made by him to the district attorney in the course of the investigation of the prosecution should be made prior to the trial, and that, even if he does so, the granting of the petition rests on the sound discretion of the

court, and, if denied, a showing of prejudice is necessary." [1] Evidently, the accused's right to inspect his confession in the course of the trial has not been the object of serious controversy, but rather the disagreement which arose when the accused requested copy of the statement before the trial. But, locally, we have no reason to raise that problem, for we have already adopted as rule of sound administration of criminal justice that the accused is entitled to production *before* the trial. It would be unexplainable if we should hold at this time that he can not inspect his own statement *during* the trial. Cf. *Funk* v. *Superior Court*, 340 P.2d 593, 594 (1959), where, *a contrario sensu*, it was said that there is no sound basis for applying a different rule merely because production is requested prior to, rather than during, the trial.

Nor is the defendant required to show that the court's refusal to order the production of the statement caused him prejudice. It seems obvious that such a showing is not possible if he does not recall the contents of his testimony, or, if he does, he can not determine its scope without proper

---

[1] The cases cited in the brief of the Attorney General are distinguishable because (a) they refer to statements made by the *witnesses*, and not by the accused, in the course of the preliminary investigation. *Veeter* v. *Superior Court*, 10 Cal. Rptr. 890 (1961); *Funk* v. *Superior Court*, 340 P.2d 593 (Cal. 1959); *People* v. *Riser*, 305 P.2d 1, 14 (1956); *State* v. *Martínez*, 57 So.2d 888 (La. 1952). It is well to remember that our local rule permits the inspection of the statements of the witnesses after they have given direct testimony and provided they bear relation to the facts in issue, *People* v. *Ribas*, 83 P.R.R. 371; *People* v. *Aponte*, 83 P.R.R. 491; and (b) they come from states where there is no rule similar to ours which permits pretrial inspection by the accused of the statements given by him, regardless of whether he shows good cause to warrant such request. It is nowhere affirmatively decided that the accused may not request in the course of the trial copy of the statement or confession. *People* v. *Stokes*, 204 N.Y.S.2d 827 (1960); *People* v. *D'Andrea*, 195 N.Y.S.2d 542 (1960); *Cash* v. *Superior Court*, 346 P.2d 407 (Cal. 1959); *Vance* v. *Superior Court*, 330 P.2d 773 (1958); *Cicenia* v. *Lagay*, 357 U.S. 504 (1958); *Powell* v. *Superior Court*, 312 P.2d 698 (Cal. 1957); *State* v. *Superior Court*, 275 P.2d 887 (Ariz. 1954). We need not make reference to the other cases cited by the appellee.

assistance of counsel. It should be recalled that, generally, these statements and confessions are obtained in the absence of the accused's attorney.

We need not discuss the other errors assigned. We wish, however, to invite attention to the fact that the record on the production of this statement is full of immaterial and irrelevant comments, especially of the prosecuting attorney, which show the deliberate purpose of provoking incidents. A timely forewarning by the magistrate could have avoided the situation pointed out, which in no way contributes to maintain the most appropriate climate and the circumspection indispensable to the due administration of justice.

The judgment rendered by the Superior Court, Arecibo Part, on May 31, 1957, will be reversed and the case remanded for the holding of a new trial.

