EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CECI-
LIO GALEANO CENTENO, acusado y apelante.

Número: 16,469 Resuelto: 20 de septiembre de 1961.

César Andreu Ribas, abogado del acusado-apelante; *J. B. Fer-
nández Badillo, Hon. Procurador General de Puerto Rico*
y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,*
abogados de El Pueblo, apelado.

Sala integrada por el Juez Asociado Señor Hernández Matos,
como Presidente de Sala y los Jueces Asociados Señores
Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión
del Tribunal.

En el proceso que por el delito de asesinato se siguió
ante el Tribunal Superior contra el apelante Cecilio Galeano

Centeno, el juez que presidía la sala dictó una resolución desestimando una petición del abogado defensor para que se le entregara copia de la declaración jurada que dicho acusado había prestado el mismo día de los hechos al fiscal durante la investigación preliminar. El incidente que dio margen a la resolución surgió después de haber sido presentada la prueba por el ministerio público, y luego de la defensa haber expuesto su teoría al jurado. Se estableció cumplidamente la existencia de la declaración mencionada. Cf. *Pueblo* v. *Aponte González*, 83 D.P.R. 511 (1961).

En *Pueblo* v. *Tribunal Superior*, 80 D.P.R. 702 (1958), resuelto varios meses después del proceso aludido, reconocimos como norma del encausamiento criminal, la autoridad de los tribunales de primera instancia para ordenar al fiscal, al así solicitarlo el acusado, que le entregue a éste o a su abogado, cualquier declaración o confesión prestada por dicho acusado durante la investigación preliminar del caso, y rechazamos el carácter privado de esa investigación como obstáculo para tal descubrimiento e inspección. Indicamos que esta regla obedecía a la necesidad de "conceder al acusado las más amplias oportunidades para defenderse" (pág. 704), y asistirle en "la adecuada formulación de su alegación contra la acusación y preparar su defensa adecuadamente" (pág. 705). En el derecho común no prevalecía igual solución y se justificaba la posición contraria a la enunciada por este Tribunal en el caso citado, fundándose en que tal descubrimiento podía facilitar a un acusado inescrupuloso la preparación (*fabrication*) de prueba mientras el ministerio público no gozaba de igual oportunidad debido a la garantía constitucional contra la auto-incriminación. *People* v. *D'Andrea*, 195 N.Y.S. 2d 542 (1960); *State* v. *Johnson*, 145 A.2d 313 (N.J. 1958); 6 Wigmore, *Evidence*, (3a. Ed. 1940) secs. 1845 y 1859 (g); Fletcher, *Pretrial Discovery in Criminal Cases*, 12 Stan. L. Rev 293 (1960); Comment, *Pre-Trial Disclosure in Criminal Cases*, 60 Yale L.J. 626 (1951). Como indica Sunderland en *Scope and Method of Discovery Before Trial*, 42 Yale L.J.

·863, 867 (1933), "el perjurio es uno de los grandes espan-
tajos del derecho. Todo cambio procesal mediante el cual se
facilita el descubrimiento de la verdad ha tenido que enfren-
tarse al espectro del perjurio que se esgrime para atemorizar
la profesión legal". Se pierde de vista el propósito del pro-
·ceso criminal, que no es otro que el esclarecimiento de la ver-
·dad, y que el Estado tiene genuino interés en no impedir al
acusado la preparación de una adecuada defensa. *Roviaro*
v. *United States,* 353 U.S. 53 (1957); *Gordon* v. *United
States,* 344 U.S. 419 (1953); *Powell* v. *Superior Court,* 312
P.2d 698 (Cal. 1957); *Cash* v. *Superior Court,* 346 P.2d 407
(Cal. 1959); Orfield, *Criminal Procedure from Arrest to Ap-
peal,* 1947, págs. 321-3.

 Arguye, sin embargo, el delegado del Procurador
General que la norma adoptada en 1958 debe limitarse en su
aplicación a aquellas situaciones en que el acusado solicita la
copia de la declaración *antes* del juicio, pero no durante el pro-
ceso; y solamente para permitirle hacer una alegación inteli-
gente contra la acusación que le ha sido formulada. Esta
posición ignora el propósito que anima la regla de facilitar al
acusado la organización y preparación de una defensa inteli-
gente y adecuada. Ciertamente esta necesidad subsiste hasta
el momento mismo de entregar el caso al jurado, y debe dejarse
a la discreción del acusado y su abogado la determinación del
momento propicio para solicitar la copia de la declaración.
Importantes consideraciones—especialmente la decisión sobre
si el acusado debe ocupar la silla testifical para prestar tes-
timonio y exponerse así al contrainterrogatorio del fiscal,
quien puede utilizar la declaración tomada por él para fines
de impugnación—se pesan por la defensa en el curso de un
proceso criminal. Con ello se evita lo que ha sido caracteri-
zado como "procesamiento mediante emboscada" (*State* v.
*Thompson,* 338 P.2d 319, 324 (Wash. 1959)). La regla
adoptada perdería gran parte de su virtualidad si le incor-
poráramos limitaciones de tiempo para solicitar la copia de

la declaración. Por las mismas razones tampoco podemos convenir en que la declaración se facilita al acusado únicamente para propiciar la formulación de una alegación inteligente a la acusación. En *Pueblo* v. *Tribunal Superior*, supra, se usó lenguaje en ese sentido por la sencilla razón de que se solicitó *antes* del juicio, pero reiteradamente expresamos que el fundamento de la regla estaba relacionado con la celebración de un juicio justo, y de ahí, el permitir al acusado la organización y preparación de su defensa.

Francamente no creemos que en aquellos estados donde impera una regla similar a la nuestra se limite la inspección de la declaración prestada por el acusado a un momento *anterior* al juicio. Hemos examinado detenidamente la jurisprudencia acopiada en el alegato de la parte apelada y no sostiene su afirmación de que "la petición del acusado para que se le permita inspeccionar la confesión o declaración jurada por él ante el Fiscal en la etapa investigativa del proceso debe hacerla antes del juicio y que, aún cuando así lo haga, acceder a la solicitud descansa en la sana discreción del Tribunal y si es denegada hay que demostrar perjuicio." [1]

---

[1] Los casos citados en el alegato del Procurador General pueden distinguirse porque a) se refieren a declaraciones prestadas por *testigos*, y no por el acusado, en la etapa de investigación preliminar. *Vetter* v. *Superior Court*, 10 Cal. Rept. 890 (1961); *Funk* v. *Superior Court*, 340 P.2d 593 (Cal. 1959); *People* v. *Riser*, 305 P.2d 1, 14 (1956); *State* v. *Martínez*, 57 So.2d 888 (La. 1952). Parece conveniente recordar que nuestra regla local permite la inspección de las declaraciones de los testigos después que éstos han prestado testimonio directo, y siempre que tengan relación con los hechos que se ventilan, *Pueblo* v. *Ribas*, 83 D.P.R. 386 (1961); *Pueblo* v. *Aponte González*, 83 D.P.R. 511 (1961); y, b) proceden de estados donde no impera una regla similar a la nuestra que permite la inspección por el acusado, antes del juicio, de la declaración por él prestada, independientemente de que demuestre justa causa para tal solicitud. En ningún caso se resuelve afirmativamente que el acusado no puede solicitar la copia de la declaración o confesión durante el curso del juicio. *People* v. *Stokes*, 204 N.Y.S.2d 827 (1960); *People* v. *D'Andrea*, 195 N.Y.S.2d 542 (1960); *Cash* v. *Superior Court*, 346 P.2d 407 (Cal. 1959); *Vance* v. *Superior Court*, 330 P.2d 773 (1959); *Cicenia* v. *Lagay*, 357 U.S. 504 (1958); *Powell* v. *Superior Court*, 312 P.2d 698 (Cal. 1957); *State* v. *Superior Court*, 275 P.2d 887 (Ariz. 1954). No es necesario hacer referencia a los otros casos citados por el apelado.

Aparentemente no ha sido objeto de seria controversia el derecho del acusado a inspeccionar su confesión durante el juicio, sino más bien, el área de desacuerdo se ha manifestado cuando el acusado ha requerido la copia de la declaración antes del juicio. Pero localmente no tenemos razón alguna para plantearnos ese problema, pues ya hemos adoptado como regla de sana administración de justicia penal que el acusado tiene derecho a que se le entregue *antes* del juicio. Sería inexplicable que sostuviéramos ahora que no puede examinar su propia declaración *durante* el juicio. Cf. *Funk* v. *Superior Court*, 340 P.2d 593, 594 (1959), en donde *a contrario sensu*, se indicó que no existe una base racional para aplicar una regla diferente meramente por el hecho de que la entrega de la declaración se exija antes, y no durante el proceso.

■ Tampoco es necesario que el acusado demuestre que la negativa del tribunal a ordenar la entrega de la declaración le causó perjuicio. Parece obvio que tal demostración no es posible si no recuerda el contenido del testimonio por él prestado, o si recordándolo, no puede determinar su alcance sin la debida asistencia de abogado. Debe recordarse que generalmente estas declaraciones y confesiones se obtienen en ausencia del abogado del acusado.

No es necesario que discutamos los demás errores señalados. No obstante, deseamos llamar la atención a que el récord sobre la entrega de esta declaración se halla plagado de comentarios inmateriales e impertinentes, especialmente del ministerio fiscal, que evidencian el deliberado propósito de provocar incidentes. Una oportuna admonición del magistrado pudo haber evitado la situación apuntada, que en nada contribuye a mantener el clima más apropiado y la circunspección que es indispensable para la debida administración de justicia.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 31 de mayo de 1957, y se devolverá el caso para la celebración de un nuevo juicio.*