FÉLIX CAPELES RIVERA, peticionario y apelante, *v.* GERARDO
DELGADO, JEFE PENITENCIARÍA ESTATAL DE PUERTO RICO,
demandado y apelado.

*Número:* 12899. *Resuelto:* 13 de octubre de 1961.

*Félix Capeles Rivera,* por su propio derecho; *J. B. Fernández Badillo, Procurador General* y *Jenaro Marchand, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Félix Capeles Rivera presentó por su propio derecho una solicitud de hábeas corpus ante el Tribunal Superior, Sala de Caguas, en la cual sustancialmente alegó que se encuentra privado ilegalmente de su libertad ya que la sentencia que se encuentra cumpliendo en la Penitenciaría Estatal se dictó sin jurisdicción por no haber tenido asistencia legal adecuada durante el proceso que culminó en su convicción. Específicamente adujo que aunque fue representado por el abogado Julio de Jesús García, la asistencia que éste le brindó no cumplió con los preceptos constitucionales aplicables porque la designación que al efecto hizo el tribunal "fue pro-forma" y se le privó de la oportunidad para conferenciar con éste.

Al acto de la vista de la solicitud compareció el peticionario personalmente y el fiscal. Tuvieron lugar los siguientes procedimientos:

"HON. JUEZ—¿Su nombre?

R. Félix Rivera, Félix Capeles Rivera.

P. ¿Qué razón o motivo usted tiene para creer que pueda ser excarcelado y anulada la sentencia?

R. Yo alego que yo presenté una moción de suspensión que la presentó el Lcdo. Mimoso el día antes del caso. El Licenciado Mimoso me dijo que me fuera y la Corte la declaró sin lugar. La Licenciada Gloria Mimoso me dijo que la había presentado y que la habían declarado sin lugar y me dijo me presentara a ver lo que se hacía. Por la tarde mandaron un guardia a avisarme que no iban a suspender el caso.

P. ¿El día anterior a la vista?

R. Sí señor, a las seis de la tarde.

P. ¿Tú no viniste donde el Lcdo. de Jesús?

R. La oficina estaba trancada y yo no sabía donde él vivía. Por la mañana a las ocho y media me representó aquí. Lo mandaron a buscar y me entrevistó cinco o diez minutos y le dije que no estaba conforme con la defensa que me hiciera porque me había entrevistado cinco o diez minutos. Eso es lo que yo alego.

Hon. Juez—¿Usted le dijo eso al abogado?

R. Sí señor.

P. Señor, y por qué no me lo dijo a mí; por qué no me dijo, Señor Juez yo considero que él no está en condiciones de entrar al caso porque solamente me entrevisté con él cinco o diez minutos. Yo pregunté, ¿están listas las partes?, y dijeron, sí, estamos listos.

Hon Juez—Este caso se radicó el 4 de agosto del 59. Se señaló para la vista el 5 de octubre del 59. Tu abogado era el licenciado Peña. Presentó una moción de suspensión . . .

Peticionario—Pero no era para mí. Yo solicité una sola vez.

Hon. Juez—En esa ocasión se suspendió el caso. . . De eso hace un año. Entonces se señaló para el 16 de diciembre. El 16 de diciembre te presentaste con una cara muy placentera y dijiste: 'yo no tengo abogado'. 'Pues bien, como no tienes abogado se te suspende el caso'. Dice la minuta 'habiendo informado el acusado Félix Capeles Rivera no tener abogado que lo represente, eso fue el 16 de diciembre, y para darle una nueva oportunidad para que contrate los servicios de un abogado, porque antes habías dicho que tenía abogado, se pospuso para el día 10 de febrero del 1960. 'Yo quiero pasar las Navidades fuera' dijiste. Pasó diciembre y enero y se señaló para el 10 de febrero, habiendo sido citado legalmente usted. Tú estabas bajo fianza. Tú fuiste citado el 16 de diciembre para el 10 de

febrero. No fueron cinco o diez días antes. Se te citó para el día diez de febrero; el día nueve compareciste con una moción de suspensión.

DEMANDANTE—Lo que pasó fue que yo estaba grave en Fajardo por un accidente que me pasó.

HON. JUEZ—Fuiste el día 9 de febrero donde el abogado, ¿por qué no fuiste antes?

DEMANDANTE—El tenía todos los papeles de mi caso.

HON. JUEZ—Una moción de suspensión hay que presentarla por lo menos cinco días antes del caso. El nueve de febrero que la presentaste yo dicté esta resolución: 'Este es un caso que hubo que traer un testigo de EE. UU., teniendo el Pueblo de Puerto Rico que pagar los gastos que costaba $15.00 diarios y los gastos de viaje del testigo.' Se declara la misma sin lugar. 'En caso que el acusado no pueda estar representado por el Lcdo. Mimoso por estar éste ocupado en sus gestiones como Representante a la Cámara, se designa al Lcdo. Julio de Jesús García como abogado del acusado en este caso.'

Eso fue el 9 de febrero. La moción la trajiste tú.

DEMANDANTE—La licenciada.

P. ¿A qué hora presentaste la moción?

R. El día anterior.

P. ¿Quién tenía que estar pendiente de su caso?

R. Yo.

P. ¿Quién le dijo que se iba a suspender el caso?

R. Ella me dijo que me presentara al otro día y que le explicara las razones a usted.

P. El diez de febrero se llamó el caso en cuanto a Efraín Rivera Plaza y Félix Capeles. El Tribunal preguntó, '¿están listas las partes? Informaron, estamos listos. Su abogado dijo 'estamos listos'. Se procedió a insacular al jurado. Se llamó la prueba y el Lcdo. de Jesús informó que la teoría de su representado sería la que surgiría de la prueba. Terminada la prueba se sometió el caso al jurado y éste por unanimidad te declaró culpable. Se aceptó el veredicto y se dictó sentencia el 16 de febrero. El Tribunal no le da crédito a la declaración del acusado y considerando que fue debidamente representado por el Licenciado Julio de Jesús García, quien manifestó estar listo para entrar a la vista del caso, se declara sin lugar la petición de habeas corpus. . . . . . ."

Contra la sentencia que anuló el auto expedido se interpuso recurso de apelación. Se señala como error la omisión del tribunal de instancia de designar un abogado al peticionario para la vista de la petición de hábeas corpus.

La Constitución del Estado Libre Asociado de Puerto Rico establece el derecho del *acusado* a tener asistencia de abogado. Dispone al efecto el Art. II, sección 11 de la Constitución que "(e)n todos *los procesos criminales*, el acusado disfrutará del derecho . . . a tener asistencia de abogado . . ." (Bastardillas nuestras.) Con anterioridad a 1952, idéntico derecho se reconocía a tenor de las Enmiendas Quinta y Sexta de la Constitución Federal, el Art. 2, párr. 2º de la Carta Orgánica de 1917 y el artículo 141 del Código de Enjuiciamiento Criminal. Desde *Ex Parte Hernández Laureano*, 54 D.P.R. 416, 419 (1939), y en los casos que le siguieron(¹) se estableció incondicionalmente el derecho del acusado a tener asistencia de abogado en el acto del juicio, la comparecencia para la lectura de la acusación y para la lectura de la sentencia. Y en *Rivera Escuté* v. *Delgado,* 80 D.P.R. 830 (1958) sostuvimos que el acusado no tiene el derecho constitucional absoluto a disfrutar de representación legal en la etapa de la investigación del delito.(²)

---

(¹) Para una relación de estos casos véase el escolio 3 que aparece en la página 836 de la opinión emitida en *Rivera Escuté* v. *Delgado,* 80 D.P.R. 830 (1958).

(²) El derecho a asistencia legal se ha extendido a procedimientos criminales posteriores a la convicción: aprobación de la transcripción de evidencia del juicio, *Chessman* v. *Teets,* 354 U.S. 156 (1957) (cfr. preparación de la transcripción cuando el acusado es indigente, *Griffin* v. *Illinois,* 351 U.S. 12 (1956), véase, Ley núm. 106 de 22 de junio de 1961); impugnación de certificación sobre los méritos de un recurso a los fines de una apelación en forma pauperis, *Johnson* v. *United States,* 352 U.S. 565 (1957); *Ellis* v. *United States,* 356 U.S. 674 (1958); *Hodge* v. *Huff,* 140 F.2d 686 (CA DC 1944); representación en vista sobre cordura del acusado después de un veredicto de culpabilidad, *Stroble* v. *California,* 343 U.S. 181 (1952); moción para que se deje sin efecto la sentencia bajo la sección 2255 del Título 28 del Código de Estados Unidos, *Thomas* v. *United States,* 217 F.2d 494 (CA 6, 1954). Véanse, Anotaciones, *Accused's right to counsel under the Federal Constitution,* 2 L. ed.2d 1644 (1958) y 93 L. ed. 137 (1948).

 Aun cuando se reconoce la importancia de la asistencia legal en todos los procedimientos criminales, *Ellis* v. *United States*, 356 U.S. 674 (1958) (incidente sobre solicitud de permiso para apelar en forma pauperis de una convicción) se ha establecido que no existe un derecho constitucional a estar representado por abogado en recursos de hábeas corpus ante los tribunales federales. *United States* v. *Wilkins*, 281 F.2d 707 (CA 2, 1960); *Anderson* v. *Heinze*, 258 F.2d 479 (CA 9, 1958); *Dorsey* v. *Gill*, 148 F.2d 857, 877 (CA DC 1945), cert. denegado 325 U.S. 890 (1945); *Brown* v. *Johnston*, 91 F.2d 370 (CCA 9, 1937); *Commonwealth* v. *Banmiller*, 159 A.2d 237 (Pa. 1960); *Plater* v. *Warden of Maryland House of Correction*, 154 A.2d 811 (Md. 1959); *McGrath* v. *Tinsley*, 328 P.2d 579 (Colo. 1958); Anotación, *Right to aid of counsel in application or hearing for habeas corpus*, 162 A.L.R. 922 (1946). El *ratio decidendi* de estos casos es que el hábeas corpus es un procedimiento de naturaleza civil, y que por tanto no se le extiende la garantía constitucional, que se limita a causas criminales.(³) Además se justifica la actitud adoptada por razón del inmenso número de peticiones frívolas de hábeas corpus que se presentan y de la carga onerosa que representaría—tanto para los tribunales como para la profesión—la designación de abogados en *todos* los recursos de esta índole.

 Ahora bien, independientemente de si el peticionario en un procedimiento de hábeas corpus tiene o no derecho a asistencia legal, estamos en la obligación de establecer normas que logren una más justa y equitativa administración de justicia, inspirados por el postulado del descubrimiento de la verdad. Cfr. *Pueblo* v. *Ribas*, 83 D.P.R. 386 (1961);

---

(³) Amparándose en la disposición que limita el derecho a asistencia legal a procedimientos criminales, se ha justificado la inaplicabilidad de la cláusula constitucional a procedimientos administrativos. *Brownlow* v. *Miers*, 28 F.2d 653 (CCA 5, 1928); *Ex parte Chin Loy You*, 223 F. 833 (Mass. 1915); *United States* v. *Greenawalt*, 213 F. 901 (Pa. 1914). Véase, Anotación: *Federal Constitution as guaranteeing assistance of counsel at administrative proceedings*, 1 L. ed.2d 1865; *Re Groban*, 352 U.S. 330 (1957).

*Pueblo* v. *Galeano*, 83 D.P.R. 521 (1961). Esto es especialmente cierto en el procedimiento de hábeas corpus, que si bien se ha dicho que es de naturaleza civil, en fin de cuentas se dirige a determinar la legalidad de la privación de la libertad, cuando ha tenido su origen en una convicción criminal.

Cuando un recurso de hábeas corpus presenta una controversia de hechos, sujeta a la práctica de prueba que requiere conocimientos para su organización y presentación, constituye la mejor práctica designar un abogado para que represente al peticionario. Generalmente, el confinado no tiene ni la habilidad ni el entrenamiento necesario para determinar cuáles son los hechos pertinentes dentro de la norma de derecho aplicable, ni cuál es el testimonio que debe traer a la consideración del tribunal, ni el orden lógico de la presentación de los testigos. En estas circunstancias constituye un error la omisión de designar abogado al peticionario.

Si examinamos detenidamente la transcripción de la vista que hemos copiado precedentemente, tenemos que llegar a la conclusión ineludible que el tribunal a quo incurrió en error al no designar un abogado para que asistiera al peticionario. La vista constituyó un diálogo entre el peticionario y el juez (sin prácticamente intervención alguna del fiscal) durante el cual el magistrado hizo continuas referencias al expediente del caso criminal en el cual fue convicto el peticionario. No se le requirió al peticionario si disponía de alguna prueba—en adición a su propio testimonio—para establecer sus alegaciones. Tampoco se indagó en forma suficiente sobre la contención del acusado de que la designación del abogado De Jesús fue puramente para cubrir la formalidad, ni sobre si el acusado tuvo un tiempo razonable para conferenciar con dicho abogado, en vista de la renuncia súbita, a veinte y cuatro horas plazo de la vista señalada, del abogado que él había contratado para defenderle. Se descansó demasiado en que de los autos aparecía que el abo-

gado de oficio había manifestado estar listo para entrar al juicio. Además, cuando las circunstancias locales en cuanto a la organización de los tribunales lo permitan, es preferible que la vista del recurso se ventile ante un juez distinto del que presidió el proceso criminal. (4)

*En estas circunstancias, se revocará la sentencia dictada por el Tribunal Superior, Sala de Caguas, en 17 de noviembre de 1960, y se devolverá el caso para que, previa la designación de abogado para que asista al peticionario, se celebre una nueva vista en relación con la petición de hábeas corpus.*

El Juez Asociado Señor Santana Becerra concurre con el resultado.

---

(4) Este comentario no debe interpretarse como una crítica al juez de instancia, quien para la fecha en que se ventiló el caso era el único magistrado que intervenía en la Sala de Caguas del Tribunal Superior.