JOSÉ BENJAMÍN GONZÁLEZ LLANOS, demandante y apelante, *v.* GERARDO DELGADO, JEFE DE LA PENITENCIARÍA ESTATAL DE PUERTO RICO, demandado y apelado.

Número 12827.

*Sometido:* 24 de abril de 1961. *Resuelto:* 26 de abril de 1961.

*José Benjamín González Llanos, pro se; J. B. Fernández Badillo, Procurador General* y *Juan A. Faría, Procurador General Auxiliar,* abogados del apelado.

*Per Curiam:* El día 7 de septiembre de 1951 el Tribunal Tutelar de Menores declaró niño delincuente al peticionario apelante José B. González Llanos, quien para dicha fecha contaba catorce años y medio de edad. En 8 de noviembre siguiente se ordenó su ingreso en la Escuela Industrial Insular para Jóvenes hasta que cumpliese diecinueve años, a menos que antes se le pusiera en libertad condicional o definitiva, y se dispuso que podría permanecer en dicha institución hasta la mayoría de edad si así lo creía conveniente el director de la referida escuela.

Cuando ya había cumplido dieciocho años de edad, el peticionario fue convicto y sentenciado por el Tribunal Superior, Sala de San Juan, por delitos cometidos *después* del día 21 de septiembre de 1955, fecha en que comenzó a regir la Ley núm. 97 de 23 de junio de 1955 (Leyes, pág. 505, 34 L.P.R.A. Ap. sec. 2001 y sigtes.). Invocando la doctrina expuesta en *Pueblo* v. *Andújar,* 80 D.P.R. 822 (1958), presentó una solicitud de hábeas corpus en la cual sustancialmente alegó que como para las fechas en que cometió los de-

litos y se le juzgó y fue sentenciado, ya había sido declarado niño delincuente bajo las disposiciones de la Ley núm. 37 de 11 de marzo de 1915 (Leyes, pág. 73, 34 L.P.R.A. sec. 1941 y sigtes.) no se le podía procesar como adulto, a tenor con el artículo 3 de la Ley 97 de 1955.(¹)

■■ El caso citado de *Andújar* es claramente distinguible del de autos. En ambos casos los acusados habían sido declarados niños delincuentes bajo la Ley núm. 37 de 1915 y cuando cometieron los hechos delictivos habían cumplido más de dieciocho años de edad. Ahora bien, mientras la infracción imputada a Andújar ocurrió *antes* de entrar en vigor la Ley núm. 97 de 1955, el peticionario en el presente recurso cometió los delitos por los cuales se le juzgó como adulto en *fecha posterior* a dicha vigencia. Presumiendo que la garantía contra la aplicación *ex post facto* de una ley se aplique a estatutos como los que ahora consideramos, no puede decirse que se trata de aplicar una norma punitiva distinta a unos hechos ya consumados.(²) No se trata de que la Ley núm. 97 agrave la posición del peticionario en relación con los delitos imputados y sus consecuencias. Simplemente se

---

(¹) El artículo 3 de la Ley núm. 97 de 23 de junio de 1955 (34 L.P.R.A. sec. 2003) lee como sigue:

"El Tribunal conservará su autoridad sobre todo niño sujeto a las disposiciones de esta ley hasta que cumpla la edad de 21 años a menos que el Tribunal, mediante orden al efecto, renuncie a su poder sobre el menor después de haber cumplido 16 años y antes de que éste cumpla 21 años de edad; disponiéndose sin embargo, que cuando un menor que haya cumplido 18 años de edad y se encuentre bajo la supervisión del Tribunal cometa una nueva infracción de la ley se procesará como adulto."

(²) En el Informe de la Comisión de Instrucción de la Cámara sobre el P. del S. 519 que se convirtió luego en la Ley núm. 97 se dice (Diario de Sesiones, 1955, pág. 2134):

"La ley actual dispone que un menor que cometa una falta permanece bajo la jurisdicción del tribunal hasta los 21 años de edad. Cuando estos menores cometan una nueva falta después de haber cumplido los 18 años siguen bajo la tutela del Tribunal Juvenil mientras que los otros, entre las edades de 18 y 21 años, que nunca han cometido una falta son tratados como adultos. *No hay justificación alguna para que los primeros tengan un privilegio sobre los otros. Esta medida tiende a corregir esa desigualdad.*"

488

aplicó la Ley núm. 97 porque era la que regía cuando se incurrió en la violación de la ley.(³)

*Se confirmará la sentencia apelada.*

---

(³) La Ley núm. 97 de 1955 derogó expresamente la Ley núm. 37 de 1915, y por su artículo 15 se hizo aplicable "a todos los casos en trámite de acuerdo con dicha ley que aquí se deroga y a todos los casos pendientes o en trámite en que esté envuelto un niño". Esta última disposición se refiere a causas criminales radicadas contra menores comprendidos entre las edades de 16 a 18 años, que bajo la Ley núm. 37 no se encontraban dentro de la jurisdicción de la Corte para Niños. Una de las modificaciones principales de la nueva legislación fue extender la jurisdicción del nuevo tribunal para cubrir las infracciones cometidas por niños menores de 18 años. Véase, Diario de Sesiones, 1955, pág. 2134.