VÍCTOR M. MERCED, peticionario y apelante, *v.* GERARDO DELGADO, JEFE DE LA PENITENCIARÍA ESTADUAL DE PUERTO RICO, demandado y apelado.

*Número:* AP-62-72     *Resuelto:* 31 de mayo de 1963

*Salvador E. Casellas*, abogado designado por el Tribunal Supremo para que asistiera al apelante en el perfeccionamiento de su recurso de apelación; *Rodolfo Cruz Contreras, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Cuando el peticionario tenía 16 años y nueve meses de edad, fue sentenciado por el Tribunal Tutelar de Menores por haber cometido un escalamiento. La sentencia dispuso que dicho menor quedara bajo la custodia de sus padres condicionada a que si violaba los términos y condiciones de la misma se ordenaría su ingreso en la Escuela Industrial de Mayagüez.

En 29 de septiembre de 1960, cuando ya el peticionario tenía unos veinte años de edad, fue acusado por infracción a la Ley de Drogas y juzgado ante el Tribunal Superior, Sala

de Caguas, donde fue sentenciado por el Juez Villares a cumplir de seis a doce años de presidio. ([1])

En agosto de 1961, el acusado presentó, por su propio derecho, una solicitud de hábeas corpus ante el mismo tribunal que lo había sentenciado alegando que la sentencia había sido dictada sin jurisdicción porque encontrándose el acusado bajo la jurisdicción del Tribunal Tutelar de Menores, no había mediado una renuncia por parte de ese tribunal.

Se expidió el auto y se celebró la vista del recurso sin estar el peticionario representado por abogado. Practicada la prueba, el tribunal declaró sin lugar el recurso.

Ante nos alega el peticionario que el Tribunal Superior cometió error, (1) al decidir que la disposición del Art. 3 de la Ley Núm. 97 de 1955, permitía juzgar al peticionario como un adulto sin necesidad de la renuncia de la Sala de Menores; (2) al no designarle abogado para la vista del recurso de hábeas corpus; (3) al no resolver el recurso dentro de un término razonable, y (4) al actuar en la vista del recurso el mismo juez que presidió la causa criminal contra el peticionario.

No se cometió error alguno que amerite la revocación de la sentencia apelada.

La Ley Núm. 97 de 1955, que entró en vigor el 21 de septiembre del mismo año, dispone en su Art. 3 (34 L.P.R.A. sec. 2003) que el Tribunal (Sala de Menores) "conservará su autoridad sobre todo niño sujeto a las disposiciones de las secs. 2001 a 2015 de este título hasta que cumpla la edad de 21 años a menos que el Tribunal, mediante orden al efecto, renuncie a su poder sobre el menor después de haber cumplido 16 años y antes de que éste cumpla 21 años de edad; Disponiéndose, sin embargo, que cuando un menor que haya cumplido 18 años de edad y se encuentre bajo la supervisión

---

[1] El delito fue cometido cuando el acusado era mayor de 18 años de edad.

del Tribunal cometa una nueva infracción de la ley se procesará como adulto".

De suerte que si el menor sujeto a la supervisión de la Sala para Menores ha cumplido 18 años de edad, y comete una nueva infracción de la ley, se le procesará como adulto sin que para ello sea necesario que la Sala de Menores renuncie a su poder sobre dicho menor. (²)   Tal renuncia es necesaria cuando el menor es mayor de 16 años de edad y menor de 18 años de edad. (³)

Invocando el caso de *Pueblo* v. *Andújar*, 80 D.P.R. 822 (1958), el apelante arguye, sin embargo, que el citado Art. 3 de la Ley núm. 97 de 1955, "no es aplicable a un menor que a la fecha de la comisión del delito imputádole estaba ya sujeto a la autoridad de la Sala de Menores y a las disposiciones de la Ley Núm. 37 de 1915, por resultar dicho artículo, *ex post facto* al ser aplicado a dicho menor ya que operaría en detrimento de éste y alteraría perjudicialmente su situación en relación con el alegado delito y sus consecuencias".

Esta cuestión fue ya resuelta en contra del apelante en el caso de *González* v. *Delgado*, 82 D.P.R. 485 (1961), donde distinguimos el de *Andújar*. La distinción consistió en que mientras la infracción imputada a *Andújar* ocurrió antes de entrar en vigor la Ley Núm. 97 de 1955, González cometió los delitos por los cuales se le juzgó como adulto en fecha posterior a dicha vigencia. Lo mismo ocurrió en el caso del aquí apelante. Resolviendo el planteamiento de la aplicación *ex*

---

(²) Existía una desigualdad en la ley que fue corregida mediante el *disponiéndose* del Art. 3 de la Ley Núm. 97 de 1955. Los menores entre las edades de 18 y 21 años que nunca habían cometido una falta eran tratados como adultos mientras que los que estando entre esas mismas edades se encontraban bajo la jurisdicción del Tribunal Juvenil, eran tratados como niños hasta que cumplieran 21 años de edad. Véase escolio 2 del caso de *González* v. *Delgado*, 82 D.P.R. 485 (1961).

(³) No estamos considerando el caso previsto en el Art. 4 de la Ley que se refiere al traslado del caso por la Sala de Menores al Tribunal Superior de un mayor de 16 años de edad y menor de 18 años de edad acusado de delito grave para que se le juzque como adulto.

*post facto* de la ley dijimos en *González,* a las págs. 487 y 488: "Presumiendo que la garantía contra la aplicación *ex post facto* de una ley se aplique a estatutos como los que ahora consideramos, no puede decirse que se trata de aplicar una norma punitiva distinta a unos hechos ya consumados. No se trata de que la Ley Núm. 97 agrave la posición del peticionario en relación con los delitos imputados y sus consecuencias. Simplemente se aplicó la Ley Núm. 97 porque era la que regía cuando se incurrió en la violación de la ley."

■ La falta de asistencia legal en la vista de un recurso de hábeas corpus cuando el peticionario por razones de indigencia no puede contratar los servicios de un abogado para que le asista en dicha vista puede constituir en algunos casos una negación del derecho que pueda tener a que se determine por el tribunal la legalidad de su prisión. Ya en *Capeles* v. *Jefe de Penitenciaría,* 83 D.P.R. 694 (1961), habíamos adelantado que cuando un recurso de hábeas corpus presenta una controversia de hechos sujeta a la práctica de prueba, constituía la mejor práctica designar un abogado que represente al acusado. Sin embargo, y por las razones que apuntaremos en seguida, el hecho de que el peticionario en este caso no estuviera asistido de abogado al celebrarse la vista del recurso de hábeas corpus, no constituye un error que amerite la revocación de la sentencia.

Como hemos visto, en dicho recurso el peticionario atacó la validez de la sentencia de presidio que está cumpliendo a base de que el Tribunal Superior carecía de jurisdicción para juzgarlo como adulto por razón de que el peticionario se encontraba bajo la jurisdicción del Tribunal Tutelar de Menores. Era necesaria la presentación de prueba para establecer los hechos pertinentes. En la vista declaró el peticionario, la madre de éste y la Encargada del Hogar Juvenil. El juez que presidía dirigió el interrogatorio de estos testigos. Las preguntas hechas iban dirigidas a establecer con las contestaciones, los hechos básicos alegados por el peticionario. Al

terminar esta prueba el juez ordenó al fiscal que practicara una investigación de los hechos para determinar, entre otras cosas, si el Tribunal Tutelar de Menores había renunciado su poder sobre el peticionario. En una vista celebrada posteriormente el Fiscal produjo el expediente del Tribunal Tutelar de Menores sobre el peticionario donde aparecía la información necesaria para resolver el punto levantado en la solicitud de hábeas corpus. Una vez conocidos todos los hechos pertinentes y sobre los cuales no hubo controversia, el juez procedió a resolver la cuestión legal suscitada y que es la misma que acabamos de resolver al considerar el primer error señalado por el abogado que designamos al apelante para que lo representara en esta apelación.

A ningún fin práctico conduciría revocar la sentencia apelada y devolver el caso para que se practique nuevamente la misma prueba ante el Tribunal Superior, asistido de abogado el peticionario.

Lo que dejamos dicho es igualmente aplicable al error señalado por la dilación en que incurrió el Tribunal sentenciador al resolver el recurso.

Finalmente, no encontramos que el apelante sufriera perjuicio alguno porque el Juez que presidió el juicio criminal fuera el mismo que entendió en el recurso de hábeas corpus.

La falta de jurisdicción del Tribunal Superior para juzgar al peticionario como adulto se suscitó por vez primera en el recurso de hábeas corpus. No existía en ley ningún impedimento para que el Juez Villares resolviera esa cuestión. De haberse planteado en el proceso criminal hubiera correspondido a dicho magistrado resolverla.

*Se confirmará la sentencia apelada.*